IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.  **CAUSE NO. 1:19CR63-LG-JCG-6**

**JAYCEE BRYANT**

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

**BEFORE THE COURT** is the [214] Motion for Compassionate Release filed by defendant, Jaycee Bryant. The Government filed a [219] Response in Opposition, to which Bryant did not reply. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Bryant's Motion should be denied.

## BACKGROUND

On September 30, 2019, Bryant entered a plea of guilty to one count of possession with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1). On January 22, 2020, the Court sentenced Bryant to 60 months of imprisonment, 3 years' supervised release, a fine in the amount of $3,000.00, and a special assessment in the amount of $100.00. He is currently housed at FCI Forrest City Low and is scheduled to be released on October 15, 2023.

During the COVID-19 pandemic, Bryant "tested positive for the COVID 19 virus." (Mot. Compassionate Release, at 1, ECF No. 214). He was subsequently placed in isolation until he recovered. (Gov.'s Response, at 1, ECF No. 219). On July 9, 2020, Bryant filed the instant *pro se* Motion for Compassionate Release

based on medical conditions relating to the COVID-19 pandemic and a plan for re-entry. (Mot. Compassionate Release, at 1, ECF No. 214). On July 27, 2020, the Government filed a response in opposition to the Motion, arguing that (1) Bryant failed to exhaust his administrative remedies, (2) Bryant had not demonstrated any extraordinary or compelling reason to grant a reduction, and (3) the § 3553 factors weigh against his release.

## DISCUSSION

A court can modify a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i), (ii). However, a defendant must first satisfy one of the two exhaustion avenues before a court can consider a motion for compassionate release: (1) "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf;" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Allen*, No. 1:15cr36-HSO-RHW-1, 2020 WL 3159180, at *2 (S.D. Miss. June 12, 2020); *United States v. Martin*, No. 3:16-CR-70-DPJ-LRA, 2020 WL 3065302, at *2 (S.D. Miss. June 9, 2020). This Court interprets the "lapse" language in the second exhaustion method as having a futility component, that is, it applies only when the BOP has failed to respond to a compassionate release request within 30 days of its submission. *Allen*, 2020 WL 3159180, at *2; *Martin*, 2020 WL 3065302, at *3.

When an inmate's request is denied before the lapse of 30 days, he must fully exhaust administrative remedies before the Court may consider a motion to modify his sentence under the statute. In such cases, the defendant is subject to a four-step Bureau of Prisons ("BOP") grievance process: (1) informal resolution; (2) formal administrative grievance; (3) regional appeal; and (4) national appeal. *See* 28 C.F.R. §§ 542.13-542.15; *see also Petzold v. Rostollan*, 946 F.3d 242, 254 (5th Cir. 2019); *Allen*, 2020 WL 3159180, at *3.

Here, Bryant states that he has "filed petitions with the Warden" in March, April, and May, and has received no replies. (Mot. Compassionate Release, at 1, ECF No. 214). The Court may credit a defendant's sworn declaration that he filed such requests with the Warden, especially where the Government does not bring forth "any evidence to dispute or contradict [the defendant's] sworn Declaration." *United States v. Kennedy*, No. 1:18CR154-HSO-RHW-1, 2020 WL 3316993, at *2 (S.D. Miss. Jun. 18, 2020). However, Bryant has not offered an affidavit or other evidence of this exhaustion beyond a single statement. The Court requires proof of exhaustion under either avenue before it may decide the Motion on its merits.

The Court cautions Bryant that, should this Motion ever become ripe for its review, he will have to contend with the Government's observation that Bryant "has fully recovered and has been released from isolation." (Gov.'s Resp., at 5, ECF No. 219). Courts in this circuit consistently find that inmates who contract and recover from COVID-19 do not present extraordinary and compelling reasons justifying release. *See, e.g., United States v. Baker*, No. 16-CR-179, 2020 WL 4584195, at *4

(E.D. La. Aug. 10, 2020) ("Courts have denied COVID-19-based motions for compassionate release filed by inmates who have already contracted the virus."). If Bryant has fully recovered from COVID-19, his asthma cannot itself serve as an extraordinary and compelling reason to justify sentence reduction. *See United States v. Gallegos*, No. 4:17-CR-568, 2020 WL 3403032, at *3 (S.D. Tex. Jun. 19, 2020) ("Having already contracted and fully recovered from COVID-19, the Court cannot say that Defendant's asthma 'substantially diminishes his ability . . . to provide self-care within the environment of a correctional facility.'"). Moreover, Bryant must contend with the fact that many relevant factors—his age (46), his offense level (34), his lengthy criminal history, and the fact that he has served less than half of his sentence—disfavor a sentence reduction.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [214] Motion for Compassionate Release filed by the defendant, Jaycee Bryant, is **DENIED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

**SO ORDERED AND ADJUDGED** this the 13th day of August, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE